**SIGNED THIS: August 31, 2006**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| MARY ANN DRY, ) | |
| ) | Case No. 06-70416 |
| Debtor. ) | |

## O P I N I O N

The issue before the Court is whether the Debtor may claim an exemption in life insurance proceeds payable to her upon the death of her live-in boyfriend.

The Debtor, Mary Ann Dry, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on April 17, 2006. On Schedule C - Property Claimed As Exempt, the Debtor claimed as exempt property she described as "Claim for Life Insurance Proceeds from policy of deceased boyfriend. Metropolitan Life has filed an interpleader

action in Federal Court in Champaign, IL since the decedent's children contest the distribution of proceeds to Debtor." The current value of the life insurance proceeds is scheduled at $29,000. The Debtor specified three statutes as grounds for her exemption - 735 ILCS § 5/12-1001(f), 735 ILCS § 5/12-1001(h)(3), and 735 ILCS § 5/12-1001(b). However, she claimed "0.00" as exempt under 735 ILCS § 5/12-1001(f) and "Unknown" as exempt under the wildcard provision, 735 ILCS § 5/12-1001(b). She claims the entire $29,000 as exempt under 735 ILCS § 5/12-1001(h)(3).

The Chapter 7 trustee has filed an Objection to the Debtor's Claim of Exemptions. The Trustee asserts that the amount of the Debtor's wildcard exemption is ascertainable and should be listed. The Trustee also questions whether the Debtor qualifies for the exemption under 735 ILCS § 5/12-1001(h)(3). Pursuant to Bankruptcy Rule 4003(c), the Trustee has the burden of proving that the exemptions are not properly claimed.

The Illinois personal property exemption statute provides two exemptions for life insurance - 735 ILCS §§ 5/12-1001(f) and (h)(3). They provide as follows:

> § 12-1001. Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>
> * * * *
>
> (f) All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts

>    payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not;
>
>    * * * *
>
>    (h)  The debtor's right to receive, or property that is traceable to:
>
>    * * * *
>
> >    (3)  a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor[.]

735 ILCS 5/12-1001.

One bankruptcy court has observed that "the Illinois Legislature has not drafted §§ 1001(f) and 1001(h)(3) in a way in which distinction between application of these provisions comes immediately to the eye." In re Bateman, 157 B.R. 635, 638 (Bankr. N.D. Ill. 1993).

Judge Perkins has explained the cause of the ambiguity as to the scope of the two sections as follows:

>    The ambiguity doubtlessly arises from the manner in which the statute was put together.  The Legislature borrowed a portion of the Insurance Code Exemption and inserted it into the Personal Property Exemption Law at paragraph (f).  At the same time, paragraph (h)(3) was imported from the Bankruptcy Code section providing for federal exemptions. Rather than adopting the federal exemption scheme for life insurance in total, however, the Legislature chose, instead, to adopt only a portion of

> the federal scheme and to retain an existing and, on its face, conflicting, state law exemption provision, all without explaining what it was trying to accomplish.

<u>In re Ashley</u>, 317 B.R. 352, 360 (Bankr. C.D. Ill. 2004) (footnote omitted).

The (f) exemption is often used when the insured is still alive and there is a cash surrender value in the life insurance policy.  <u>In re Grace</u>, 273 B.R. 570 (Bankr. S.D. Ill. 2002).  The (f) exemption is also used when debtors have received or are expecting to receive life insurance proceeds due to the death of a spouse or other person upon whom they are dependent.  <u>In re Stilwell</u>, 321 B.R. 471 (C.D. Ill. 2005).  This exemption requires proof of dependency, but there is no requirement that the amount received be reasonably necessary for the support of the debtor.  <u>Ashley</u>, *supra*, 317 B.R. *at* 360-61.

The (h) exemption applies to a "right to receive, or property that is traceable to" a payment under a life insurance contract.  While there is an obvious overlap with section (f), section (h)(3) exclusively applies to life insurance payments which have been converted to another form of property.  <u>Bateman</u>, *supra*, 157 B.R. *at* 638-39.  Thus,

> the net effect appears to be to make paragraph (f) the provision that will apply when the proceeds have not yet been paid out by the life insurance company or, if paid, have not yet been converted into other property by the beneficiary.  Section (h)(3) will apply when the proceeds have already been converted into other property before the debtor-beneficiary files for bankruptcy relief.

*Ashley*, *supra*, 317 B.R. *at* 361.

For purposes of this proceeding, the critical difference between sections (f) and (h)(3) is that both require proof of dependency, but section (h)(3) also limits the exemption to an amount reasonably necessary for the support of the debtor or a dependent of the debtor. The Debtor here has elected to claim the insurance proceeds as exempt under section (h)(3). Therefore, the Court must address both the dependency and the reasonable support issues.

For purposes of § 12-1001, a "dependent" is "an individual who is supported financially, either directly or indirectly by another, and who reasonably relies on such support." In re Rigdon, 133 B.R. 460, 465 (Bankr. S.D. Ill. 1991). The "existence of a legal obligation of support is not a hallmark in determining 'dependency'." Grace, *supra*, 273 B.R. *at* 572. Moreover, the insured does not have to be the debtor's sole means of support in order for the debtor to qualify as a dependent. Id. *at* 572. The state of dependency must exist at the time of the insured's death. In re Bunting, 322 B.R. 852, 855 (Bankr. C.D. Ill. 2005).

The facts in this case indicate that the Debtor was dependent upon Donald Kelm at the time of his death. Mr. Kelm retired from Caterpillar in the 1990s. He received a monthly retirement check from Caterpillar in the amount of $1,668.48. Although he was legally married to someone else, he and the Debtor were together

-5-

for twelve or thirteen years and they lived together in a house owned by the Debtor.  They maintained separate bank accounts, but Mr. Kelm sometimes put money into the Debtor's account.  The Debtor only worked two weeks during the period from November, 2002 through September, 2004 so that she could be home and care for Mr. Kelm who was suffering from cancer. During that time period, Mr. Kelm's pension benefits were used to pay the household expenses of both Mr. Kelm and the Debtor. Mr. Kelm died on September 15, 2004.

The evidence showed that the Debtor withdrew about $20,000 from her Individual Retirement Account in 2004.  She used some of the money to pay for trips for Mr. Kelm's medical care.  In addition, she paid $10,000 for his funeral expenses.  This does not change the Court's opinion on the dependency issue.  The Debtor and Mr. Kelm were living as a family unit and, as such, they were mutually dependent.

The next issue is whether the life insurance proceeds are reasonably necessary for the support of the Debtor.  One week before his death, Mr. Kelm changed his life insurance policy and named the Debtor as his beneficiary.  The policy was for $35,500, but Mr. Kelm's children are contesting the distribution of the proceeds.  The life insurance company has filed an interpleader action and is deducting its legal fees from the amount of the policy.  At this point, there is $29,000 left.  The Debtor has spent $7,000 in legal fees trying to secure the proceeds for

herself.

The Debtor is currently employed by the Lincoln Trails Library System in Champaign, Illinois, which is about 60 miles from her home in Decatur, Illinois. She makes about $40,000 per year. According to her bankruptcy schedules, her monthly expenses exceed her income by $1,500.

In 2004, she started the year with $29,929.37 in her IRA. After making several withdrawals for Mr. Kelm's medical trips and funeral, the balance in her IRA dropped to $10,436.41 by the end of the year.

In light of the small and diminishing amount of the life insurance proceeds, the cost of the pending litigation, the Debtor's negative cash flow, and the need to replenish her IRA, the Court finds that the life insurance proceeds are reasonably necessary for the support of the Debtor.

For the foregoing reasons, the Trustee's objections to the Debtor's Claim of Exemption under 735 ILCS § 5/12-1001(h)(3) is denied. Because the life insurance proceeds are totally exempt under 735 ILCS § 5/12-1001(h)(3), the Court need not address the Debtor's exemption claim under 735 ILCS § 5/12-1001(b).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###